FILED

2018 APR 11 PM 3:42

MAUREEN G. KELLY
LAKE CO. CLERK OF COURT

IN THE COURT OF COMMON PLEAS
LAKE COUNTY

JEAN LYNCH
6479 Mardon Road
Concord Township, Ohio 44077

           Plaintiff,

vs.

LAKE COUNTY
c/o Charles E. Coulson, Esq.
Prosecuting Attorney for Lake County
105 Main Street
PO Box 490
Painesville, Ohio 44077

           -and-

LAKE COUNTY SHERIFF'S
DEPARTMENT
c/o Charles E. Coulson, Esq.
Prosecuting Attorney for Lake County
105 Main Street
PO Box 490
Painesville, Ohio 44077

           Defendants.

)
)
)    18CV000595
)    RICHARD L. COLLINS JR
)
)
)
)
)    **COMPLAINT FOR INJUNCTIVE**
)    **RELIEF AND DAMAGES**
)
)    (Jury Demand Endorsed Herein)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Plaintiff Jean Lynch, by and through undersigned counsel, as her Complaint against Defendants, states and avers the following:

### PARTIES & VENUE

1. Plaintiff Jean Lynch is an employee of Lake County ("County") and the Lake County Sheriff's Department ("Department"), collectively "Defendants."

2. The County, of which the Department is a division, is a political subdivision of the state of Ohio.

3. At all times material herein, Lynch was an employee of Defendants, pursuant to Ohio Rev.

   Code § 4123.01(A).

4. At all times material herein, Defendants were Lynch's employer, pursuant to Ohio Rev. Code § 4123.01(B).

5. At all times material herein, Defendants were Lynch's employer, pursuant to Ohio Rev. Code § 4112.02(A)(2).

6. All material events alleged herein occurred in Lake County.

9. This Court has personal jurisdiction pursuant to Ohio Rev. Code § 2307.382.

7. Venue is proper pursuant to Civ.R. 3

10. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

## FACTS

11. On or about December 26, 2005, Defendants hired Lynch as a corrections officer at the Lake County Adult Detention Center ("Jail").

12. Lynch is female.

13. In or around the spring of 2015, Defendants began a practice of constantly painting the Jail and the Department has continuously painted the Jail, on a daily basis, ever since.

14. On or about May 5, 2015, Lynch suffered an allergic reaction to paint fumes in the Jail and, because of the ensuing pulmonary distress, required transport to, and treatment at, the emergency room.

15. On or about May 13, 2015, as a result of her allergic reaction and its required treatment, Lynch initiated a claim for benefits with the Ohio Bureau of Workers' Compensation ("BWC").

16. Lynch was released to return to work in early June of 2015, at which point she resumed her duties at the Jail.

17. Because Lynch continued to experience symptoms related to exposure to paint fumes in the Jail, in early July of 2015, she submitted a letter from her physician requesting that she be kept away from freshly painted areas.

18. In early July of 2015, Lynch was treated at an urgent care facility for an allergic reaction to paint fumes at the Jail and she again submitted a physician's letter requesting that she be kept away from freshly painted areas.

19. On or about September 23, 2015, the BWC allowed Lynch's claim benefits related to the paint fume exposure and resulting allergic reaction.

20. In or around April of 2016, Lynch again suffered a severe allergic reaction to paint fumes in the Jail.

21. In or around September of 2016, Lynch again suffered a severe allergic reaction to paint fumes in the Jail.

22. Throughout the fall and winter of 2016 and into 2017, Lynch continued to suffer severe allergic reactions to paint fumes in the Jail.

23. In the spring of 2017, Defendants agreed to maintain a log of which areas were freshly painted and modify Lynch's schedule, so as to avoid exposing her to such areas.

24. On or about May 26, 2017, the second day that Lynch worked after the log procedure was initiated, Defendants assigned Lynch to an area that had been freshly painted and Lynch's exposure to paint fumes resulted in her losing consciousness and another ambulance trip to the emergency room.

25. During the summer of 2017, both Lynch's physician and a physician chosen by Defendants opined that, for the sake of her health, Lynch should not be exposed to paint fumes.

26. While Lynch's physician recommended the use of a respirator, Defendants' physician opined

that a respirator would interfere with the performance of Lynch's job duties.

27. On October 13, 2017, Defendants placed Lynch on a disability separation.

28. Lynch's allergy to paint fumes substantially limits her pulmonary function and, without accommodation, limits her ability to work.

29. For the purposes of Ohio Rev. Code § 4112, Lynch is disabled.

30. Lynch repeatedly requested that Defendants provide reasonable accommodation for her disability.

31. With the exception of a single day on which Defendants actually maintained a log of the freshly painted areas, Defendants have consistently refused Lynch any accommodation.

32. Unlike Lynch's reasonable and modest proposals, Defendants have spent the past three years perpetually painting the Jail, which is unreasonable and a waste of taxpayer funds.

33. Defendants contend that should Lynch be able to return to work prior to October of 2019, Defendants will permit her to do so, which indicates that Defendants intend to continue the daily painting of the Jail for the foreseeable future.

34. Throughout Lynch's employment and up to the present, Defendants did accommodate another coworker who has a paint fume allergy.

35. The coworker who Defendants accommodated is male, as are all of Lynch's supervisors.

36. The coworker who Defendants accommodated did not file a workers' compensation claim related to his paint fume allergy.

37. On January 2, 2018, within 90 days of her disability separation, Lynch notified Defendants, in writing, that she believed she was retaliated against for filing a claim for workers' compensation benefits, as is required by Ohio Rev. Code § 4123.90.

38. As a result of Defendants' unlawful conduct, Lynch suffered and will continue to suffer

pecuniary damages.

## COUNT I: WORKERS' COMPENSATION RETALIATION

39. Lynch realleges every prior paragraph of this Complaint.

40. Lynch was injured in the course and scope of her employment with Defendant.

41. Defendants were aware of Lynch's injury.

42. Lynch filed a claim for workers' compensation benefits.

43. Defendants were aware that Lynch filed a claim for workers' compensation benefits.

44. Defendants terminated Lynch in retaliation for her filing a claim for workers' compensation benefits and, in doing so, violated Ohio Rev. Code § 4123.90.

45. As a result of Defendants' unlawful conduct, Lynch has suffered, and will continue to suffer, pecuniary damages.

## COUNT II: FAILURE TO ACCOMMODATE

46. Lynch realleges every prior paragraph of this Complaint.

47. Lynch is a disabled individual, pursuant to Ohio Rev. Code § 4112.

48. Notwithstanding any disability, Lynch remains fully capable of performing her duties as a corrections officer.

49. Lynch, as well as her physician, proposed reasonable accommodations for Lynch's disability and Defendants refused to grant said accommodations.

50. Defendants refusal to grant Lynch a reasonable accommodation was in contravention of Ohio Rev. Code § 4112.

51. As a direct and proximate result of Defendants' unlawful conduct, Lynch has suffered and will continue to suffer damages.

## COUNT III: GENDER DISCRIMINATION

52. Lynch realleges all prior paragraphs of this Complaint.

53. Lynch is female.

54. The Department has made accommodations for a male employee with a paint fume allergy.

55. The Department refused to accommodate Lynch because of her gender.

56. The Department's disparate treatment of a male and female employee with similar allergies was in contravention of Ohio Rev. Code § 4112.

57. As a direct and proximate result of Defendants' unlawful conduct, Lynch has suffered and will continue to suffer damages.

## COUNT IV: DISABILITY DISCRIMINATION

58. Lynch realleges all prior paragraphs of this Complaint.

59. Lynch is disabled for the purposes of Ohio Rev. Code § 4112.

60. Notwithstanding her disability, Lynch remains capable of performing her duties as a corrections officer.

61. The Department placed Lynch on a disability separation and refuses to allow her to return to work because of Lynch's disability, in contravention of Ohio Rev. Code § 4112.

62. As a direct and proximate result of Defendants' unlawful conduct, Lynch has suffered and will continue to suffer damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jean Lynch respectfully requests that this Honorable Court grant the following relief:

(a) An order requiring Defendants to retroactively restore Lynch to one of the positions to which she was entitled by virtue of her service and qualifications, and expunge her personnel file of

all negative documentation;

(b) An award against each Defendant of damages to compensate Lynch for back pay, front pay, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of reasonable attorney's fees and costs for Lynch's claims as allowable under law;

(d) An award of any other relief that this Court may deem necessary and proper.

Respectfully submitted,

Peter C. Mapley (0092359)
**SOBEL, WADE & MAPLEY, LLC**
2460 Fairmount Boulevard, # 314
Cleveland, Ohio 44107
Phone: (216) 223-7213
Fax:    (216) 223-7213
Email: mapley@swmlawfirm.com

*Attorney For Plaintiff*

## JURY DEMAND

Plaintiff Jean Lynch demands a trial by jury by the maximum number of jurors permitted.

_____
Peter C. Mapley (0092359)

**COMMON PLEAS COURT**
**LAKE COUNTY, OHIO**
Case Designation Form

FILED
2018 APR 11 PM 3: 42
Jean Lynch
Lake County Clerk of Court

Case: MAUREEN G. KELLY vs

18CV000595
RICHARD L. COLLINS JR

Judge:

Per Loc. R. II (C)(3), refiling of cases previously dismissed under Civ.R. 41 must have a designation upon the face of the complaint that the action is being refiled. The word "REFILING" must appear in capital letter under the word "COMPLAINT". Directly beneath the word "REFILING" the complaint shall identify the case number of this dismissed action. **Former case no.** _____

Case Categories: (Mark one category only)

- ☐ Administrative Appeal (Specific ORC Sec.)    Section: _____
- ☐ Consumer Action - ORC 1345
- ☐ Contract or Quasi Contract
- ☐ Criminal
- ☐ Declaratory Judgment
- ☐ Foreclosure
- ☐ Foreign Judgment
- ☐ Malpractice (specify) _____
- ☐ Credit Card (CI)
- ☐ Personal Injury
- ☐ Product Liability
- ☐ Professional Tort
- ☐ Provisional Remedy (Replevin, Attachment, Garnishment)
- ☐ Workers Compensation
- ☐ Other Tort _____
- ☐ Other Civil _____

The designation "money only" may not be used if one of the above specific categories is applicable. Further, the caption shall note any statutory provision this is unique to the particular cause and controls the time within which the case is to proceed, once filed. (Ex. Miscellaneous - Contest of Election (O.R.C. Section 3515.10 - Hearing within 30 days.)

Revised Code Section unique to this particular cause which controls the time within which the case is to proceed: _____

_____ (Signature)

Peter C. Mapley (0092359)
(Printed name and Registration No.)

Sobel, Wade & Mapley, 2460 Fairmount, Cleveland, OH 44
(Firm Name and Address)

(216) 223-7213
(Telephone Number)

# MAUREEN G. KELLY

## CLERK OF COURTS

### Lake County Common Pleas Court

### <u>ATTENTION ALL PARTIES TO THE CASE</u>

Whether you are represented by an Attorney or representing yourself in this Legal action, LAKE COUNTY LOCAL COURT RULES require that all participants familiarize themselves with, and follow the requirements of each court.

Pre-trial orders and procedures are available on our website at

<u>www.lakecountyohio.gov/coc</u>

Select DOWNLOADS

Scroll to PRE-TRIAL ORDERS

Select the appropriate pre-trial order/procedure for YOUR respective case and Judge.

If you are unable to access or unclear as to which pre-trial order/procedure applies to you, contact the Office of the Clerk of Courts, New Case Department (440.350.2657) during normal business hours and a copy will be immediately mailed to you.

**Maureen G. Kelly, Clerk of Courts**
Revised 7/1/2013 Pretrial orders